**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ELENA MONACO; JEAN ROWAN; SUSAN BARFORD; JOANN DONATI; and KIMBERLY MUENZEL, <br>     Plaintiffs <br><br>     v. <br><br> JIM THORPE AREA SCHOOL DISTRICT, <br>     Defendant | No. 3:12cv577 <br><br> (Judge Munley) |

## MEMORANDUM

Before the court for disposition is defendant's motion to dismiss Count II of plaintiffs' complaint, which alleges gender discrimination in violation of Title VII.  (Doc. 5).  The motion has been fully briefed and is ripe for disposition.  For the reasons that follow, we find that plaintiffs failed to exhaust their administrative remedies and we will dismiss Count II of the complaint without prejudice.

**Background**

Plaintiffs Elena Monaco, Jean Rowan, Susan Barford, Joann Donati and Kimberly Muenzel (collectively "plaintiffs") are teachers employed by Defendant Jim Thorpe Area School District ("defendant").  (Doc. 1, Compl. ¶¶ 12-16).  Prior to their employment with defendant, each of the plaintiffs taught in private and/or parochial schools for various periods of time.  (Id. ¶ 17).  When they were hired by defendant, plaintiffs, who are all female, were denied a salary step placement credit for their prior experience.  (Id. ¶ 18).  Plaintiffs learned, however, that newly hired male teachers were granted salary step credit for their prior private and/or parochial school experience.  (Id. ¶ 19).  Plaintiffs assert that the unequal and discriminatory pay practices resulted in the male teachers receiving higher salaries despite similar and/or equal experience.  (Id. ¶¶ 19, 23).  Plaintiffs argue

that they received far less earnings and benefits.  (Id. ¶ 23).

Plaintiffs allege that they first became aware of the discriminatory practices in mid-April 2009.  (Id. ¶ 20).  They claim that the practices are ongoing and occur at each and every pay period since the plaintiffs were hired.  (Id. ¶ 22).  Plaintiffs also assert that the practices were willfully and maliciously done with reckless indifference to their protected rights.  (Id. ¶¶ 22, 24).

Plaintiffs filed a complaint on March 29, 2012.  (Doc. 1).  The complaint asserts two counts: Count I, unlawful discrimination in violation of the Equal Pay Act; and Count II, Title VII gender discrimination.  On May 23, 2012, defendant filed a motion to dismiss Count II of the complaint for failure to exhaust administrative remedies pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (Doc. 5).  Defendant also filed an answer to the complaint with regards to Count I.  (Doc. 7).  The motion has been fully briefed, bringing the case to its present posture.

**Jurisdiction**

Because this case is brought pursuant to the Equal Pay Act, 29 U.S.C. § 206(d) and Title VII, 42 U.S.C. § 2000e-2(a)(1), the court has jurisdiction pursuant to 28 U.S.C. § 1331.  ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

**Legal Standard**

A Rule 12(b)(6) motion tests the sufficiency of a complaint's allegations.  Granting the motion is appropriate if, accepting as true all the facts alleged in the complaint, the plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," or put another way,

"nudged [his or her] claims across the line from conceivable to plausible." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). The Third Circuit interprets Twombly to require the plaintiff to describe "enough facts to raise a reasonable expectation that discovery will reveal evidence of" each necessary element of the claims alleged in the complaint. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556). Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation." Id. at 234-35.

In relation to Federal Rule of Civil Procedure 8(a)(2), the complaint need only provide "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" Twombly, 550 U.S. at 555 (citation omitted). "[T]he factual detail in a complaint [cannot be] so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." Phillips, 515 F.3d at 232 (citation omitted). "Rule 8(a)(2) requires a 'showing' rather than a blanket assertion of an entitlement to relief." Id.

The issue is whether the facts alleged in the complaint, if true, support a claim upon which relief can be granted. In deciding a 12(b)(6) motion, the court must accept as true all factual allegations in the complaint and give the pleader the benefit of all reasonable inferences that can fairly be drawn therefrom, and view them in the light most favorable to the plaintiff. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). However, "we are not bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotations omitted).

To decide a motion to dismiss, a court generally should consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim.  See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

**Discussion**

Defendant moves for the dismissal of Count II of plaintiffs' complaint for failure to exhaust their administrative remedies under Title VII.  It argues that plaintiffs failed to allege that they filed a gender discrimination claim with the Equal Employment Opportunity Commission ("EEOC") and exhausted their administrative remedies.  Absent final action of the EEOC, plaintiffs cannot bring the instant suit.  Furthermore, defendant argues that the documents titled "Notice of the Charge of Discrimination," provided by the plaintiffs in support of their argument that they exhausted their administrative remedies, do not have any boxes checked to indicate what claims were being made by plaintiffs. (Doc. 8, Ex. B at 10-20).  Defendant contends that it never received a follow-up Notice or charge from the EEOC.

Plaintiffs argue that they filed gender discrimination claims with the EEOC on March 15, 2010, however, the EEOC has not acted upon the charges. (Id.)  Plaintiffs explain that their Equal Pay Act claim, asserted in Count I of the complaint, was subject to a statute of limitations.  Pursuant to Federal Rule of Civil Procedure 18, plaintiffs elected to assert their gender discrimination claim as part of the same suit in the interest of judicial economy and minimizing expense to the parties.  Plaintiffs argue

that it is unreasonable to require them to wait an additional period of time before filing their Title VII claim, provided that more than two years elapsed since the filing of the EEOC charges.  After a careful review, we agree with the defendant.

Title VII requires a claimant to exhaust administrative remedies by filing a charge of discrimination with the EEOC prior to instituting a cause of action in court.  Burgh v. Borough Council of Montrose, 251 F.3d 465, 469 (3d Cir. 2001).  "The purpose of this administrative exhaustion requirement is to put the EEOC on notice of the plaintiff's claims and afford it 'the opportunity to settle disputes through conference, conciliation, and persuasion, avoiding unnecessary action in court.'"  Webb v. City of Phila., 562 F.3d 256, 262 (3d Cir. 2009) (quoting Antol v. Perry, 82 F.3d 1291, 1296 (3d Cir. 1996)).  A discrimination charge must be filed with the EEOC within 180 days after the last alleged unlawful employment practice, or if cross-filing with a parallel state agency, 300 days from the last unlawful employment practice.  See 42 U.S.C. § 2000e-5(e)(1); Burgh, 251 F.3d at 472.

Within ten days of the charge being filed with the EEOC, a notice is served upon the person against whom the charge is being made.  42 U.S.C. § 2000e-5(e)(1).  The EEOC will then begin an investigation. Burgh, 251 F.3d at 470 (citing Occidental Life Ins. Co. v. EEOC, 432 U.S. 355, 359 (1977)).  The complainant must allow the EEOC 180 days to attempt to resolve the dispute.  Id. (citing 42 U.S.C. § 2000e-5(f)(1); Occidental Life Ins. Co., 432 U.S. at 361).  If the EEOC has not resolved the discrimination charge within that time period, then it shall notify the complainant with a "right-to-sue" letter or the complainant may request a

letter, which the EEOC will promptly issue. Id. (citing 29 C.F.R. § 1601.28(a)(1)). "At the end of the 180 day period the employee is entitled to sue, regardless of the pendency of EEOC proceedings." Waiters v. Parsons, 729 F.2d 233, 237 (3d Cir. 1984). A civil suit must be filed within 90 days of the date which the complainant receives the right-to-sue letter. Burgh, 251 F.3d at 470 (citing 42 U.S.C. § 2000e-5(f)(1)). "[T]he statute of limitations does not begin to run unless and until there is 'final agency action,' such as the issuance of a right-to-sue letter. Without that final agency action, the complainant has not exhausted his administrative remedies and cannot bring suit." Burgh, 251 F.3d at 470-71 (internal citations omitted).

In the instant case, we find that plaintiffs failed to exhaust their administrative remedies as to their Title VII claim. In the complaint, plaintiffs did not alleged that they exhausted their administrative remedies prior to instituting this suit. Plaintiffs now claim they filed a charge with the EEOC, however, they concede that they did not receive right-to-sue letters. As stated above, the receipt of the right-to-sue letter is an essential prerequisite to bringing a claim in court. Absent a letter from the EEOC, there is no finality of action from the agency, plaintiffs have failed to exhaust their administrative remedies and may not pursue their Title VII claim.

We are unpersuaded by plaintiffs argument that because more than two years have elapsed since the filing of the EEOC charges, it would be unreasonable to require plaintiffs to wait additional time before pursuing their gender discrimination claim. Plaintiffs could have requested right-to-sue letters 180 days after they filed the charges with the EEOC. Based

upon the pleadings, plaintiffs failed to make such requests. Accordingly, we will grant defendant's motion to dismiss Count II of the complaint.

We will allow plaintiffs leave to file an amended complaint if they wish to pursue their Title VII claim, provided they receive their right-to-sue letters and properly plead that their Title VII claim has been exhausted. See Anjelino v. N.Y. Times Co., 200 F.3d 73, 96 (3d Cir. 1999) (citations omitted) ("failure to obtain a right-to-sue letter . . . is curable at any point during the pendency of the action."); Tlush v. Mfrs. Res. Ctr., 315 F. Supp. 2d 650, 654-55 (E.D. Pa. 2002) (citations omitted) ("While the attainment of a right-to-sue letter from the EEOC is a condition precedent to filing Title VII . . . the failure to obtain notice of the right to sue is a curable defect."); see also Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004) ("even when a plaintiff does not seek leave to amend, if a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile.").

We do not find that granting leave to amend the complaint to assert plaintiffs' Title VII claim, once properly exhausted, would be inequitable or futile and the defendant does not present any argument that would suggest that it would be prejudiced by such an allowance. See Foman v. Davis, 371 U.S. 178, 182 (1962). Therefore, we will allow for plaintiffs to amend their complaint. See Gooding, 744 F.2d at 358-59 ("It is a sound and established policy that procedural technicalities should not be used to prevent Title VII claims from being decided on their merits.").

**Conclusion**

For the reasons stated above, defendant's motion to dismiss Count II of the complaint will be granted without prejudice. Plaintiffs will be granted

leave to file an amended complaint.  An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ELENA MONACO; JEAN ROWAN; SUSAN BARFORD; JOANN DONATI; and KIMBERLY MUENZEL,**         **Plaintiffs** | No. 3:12cv577 <br><br> (Judge Munley) |
| **v.** | |
| **JIM THORPE AREA SCHOOL DISTRICT,**         **Defendant** | |

## ORDER

**AND NOW**, to wit, this 1st day of August 2012, Defendant Jim Thorpe Area School District's motion to dismiss Count II of the complaint (Doc. 5) is hereby **GRANTED**.  Count II of the complaint is **DISMISSED** without prejudice.  Plaintiffs may amend their complaint within forty-five (45) days from the date of this order.  Plaintiffs should notify the court within seven (7) days from the date of this order if they choose to proceed without filing an amended complaint.

                                          **BY THE COURT:**

                                          s/ James M. Munley
                                          **JUDGE JAMES M. MUNLEY**
                                          **United States District Court**